UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

M&T CAPITAL AND LEASING CORP.,
*Plaintiff*,

v().

ATHENS INC. et al.,
*Defendants*.

No. 3:22-cv-1353 (VAB)

**RULING AND ORDER ON MOTION FOR RECONSIDERATION**

M&T Capital and Leasing Corporation ("M&T") has sued Athens Inc. ("Athens"), Grand Canyon Destinations LLC ("Grand Canyon"), and Anthony Dobbs (collectively, "Defendants") for breach of contract and breach of guaranty. Compl., ECF No. 1. In 2019, Athens allegedly executed an agreement to lease equipment from M&T. *Id.* ¶ 7. In connection with this agreement, Grand Canyon and Mr. Dobbs executed guaranties agreeing to pay Athens's obligations under the lease if Athens failed to do so. *Id.* ¶¶ 12–13. M&T alleges that Defendants have breached their respective agreements by failing to pay the amounts owed under the lease. *Id.* ¶¶ 26, 32, 38.

On February 7, 2023, Defendants filed a notice advising the Court that Grand Canyon had filed a petition for bankruptcy. Notice of Bankruptcy, ECF No. 17.

The next day, the Court entered an order staying the case under 11 U.S.C. § 362(a), which provides that a petition for bankruptcy operates as an automatic stay of litigation against the debtor. Order, ECF No. 19. The Court noted that, "[a]lthough '[a] suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing . . . [t]he automatic stay can apply to non-debtors' when the case involves 'a claim to establish an obligation of which the debtor is a guarantor.'" *Id.* (quoting *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003)).

Because M&T's claims in this case seek to establish an obligation of which the debtor, Grand Canyon, is a guarantor, the Court concluded that the automatic bankruptcy stay should be extended to all Defendants. *Id.*

In light of this Order, the Court denied M&T's motion for default entry against Athens and Mr. Dobbs without prejudice to renewal. Order, ECF No. 20 (Feb. 8, 2023); Mot. for Default, ECF No. 18 (Feb. 7, 2023).

M&T now moves for reconsideration of the Court's Order extending the automatic stay to Athens and Mr. Dobbs. Mot. for Recons., ECF No. 21 (Feb. 14, 2023) ("Mot."). Defendants have not responded to M&T's motion.

For the following reasons, M&T's motion for reconsideration is **GRANTED in part** and **DENIED in part**.

The automatic stay shall remain in effect as to Athens, but the stay is withdrawn as to Mr. Dobbs.

**I.      STANDARD OF REVIEW**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

"A motion for reconsideration is committed to the sound discretion of the court." *Nygren v. Greater N.Y. Mut. Ins. Co.*, No. 3:07-cv-462 (DJS), 2010 WL 3023892, at *2 (D. Conn. Aug. 2, 2010) (internal citation and quotation marks omitted); *see also Lesch v. United States*, 372 F. App'x 182 (2d Cir. 2010) ("The standard of review of a district court order granting or denying a motion for [reconsideration under both Rule 59(e) and Rule 60(b)] is whether the order constituted an abuse of discretion." (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999))).

**II.    DISCUSSION**

"When a bankruptcy action is filed, any 'action or proceeding against the debtor' is automatically stayed by Section 362(a)." *In re Trib. Co. Fraudulent Conv. Litig.*, 946 F.3d 66, 76 (2d Cir. 2019) (quoting 11 U.S.C. § 362(a)). The Second Circuit has held that this automatic stay may be extended to a non-debtor, but "only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie*, 321 F.3d at 287. In *Queenie*, the court provided several examples of claims that fall within this category, including those "to establish an obligation of which the debtor is a guarantor." *Id.* In support of this example, the Second Circuit cited the Third Circuit's decision in *McCartney v. Integra National Bank North,* 106 F.3d 506, 510–11 (3d Cir. 1997).

As M&T points out, however, *McCartney* does not articulate a categorical rule that claims to establish an obligation of which the debtor is a guarantor will have an immediate adverse economic impact on the debtor's estate. That case concerned a claim by a lender (Integra) against a non-debtor (Lamar's Restaurant) over an obligation of which the debtor (McCartney) was a guarantor. *Id.* at 508. The Third Circuit concluded that the automatic stay must be extended to Lamar's based on two considerations: (1) state law prevented Integra from

3

bringing a claim against Lamar's without also naming the debtor, McCartney, as a party (and thus violating the automatic stay); and (2) Lamar's had no assets, which would make McCartney "the real party defendant in a deficiency judgment action by Integra against Lamar's" because any judgment against Lamar's "would have operated as a judgment or finding against him." *Id.* at 511.

Here, it appears that M&T could pursue its claims against Athens and Mr. Dobbs independently from its claim Grand Canyon while the claim against Grand Canyon remains stayed. And with respect to Mr. Dobbs, there is no indication that he lacks sufficient assets to satisfy the underlying obligation such that a judgment against Mr. Dobbs would operate in effect as a judgment against Grand Canyon. The Court also notes that, while both Mr. Dobbs and Grand Canyon are alleged to be jointly and severally liable with Athens for Athens's underlying obligation, the guaranties allegedly executed by Mr. Dobbs and Grand Canyon do not make Grand Canyon directly liable for claims against Mr. Dobbs.

Courts may also extend the automatic stay to a non-debtor "where stay protection is essential to the debtor's efforts of reorganization," such as when the non-debtor is a principal officer of the debtor, and their expertise and attention is essential to the debtor's reorganization. *McCartney*, 106 F.3d at 510 (citing *In re Lazarus Burman Assocs.*, 161 B.R. 891, 899–900 (Bankr. E.D.N.Y. 1993); and *In re Steven P. Nelson*, 140 B.R. 814, 816–17 (Bankr. M.D. Fla. 1992)). But although Mr. Dobbs is a member and the CEO of Grand Canyon Destinations LLC, Ex. F to Compl. at 3, ECF No. 1-5, there has been no showing in this case that his efforts are essential to Grand Canyon's reorganization or that requiring him to defend this action would interfere with those efforts. *See Coscarelli v. ESquared Hosp. LLC*, No. 18-cv-5943 (JMF), 2021 WL 293163, at *3 (S.D.N.Y. Jan. 28, 2021) ("The non-bankrupt co-defendant bears the burden

4

of demonstrating the need to expand the scope of the stay."); *Chord Assocs. LLC v. Protech 2003-D, LLC*, No. 07-cv-5138 (JFB) (AKT), 2010 WL 1257874, at *12 (E.D.N.Y. Mar. 25, 2010) (same).

Accordingly, the Court will grant M&T's motion in part and withdraw the automatic stay with respect to Mr. Dobbs.

The analysis is different for Athens. M&T alleges in its Complaint that Athens was involuntarily dissolved in or around December 2021. Compl. ¶ 2. Athens is therefore analogous to the non-debtor restaurant in *McCartney*: because the corporation has been involuntarily dissolved, any judgment against Athens would "operate[] as a judgment or finding against" its guarantor, Grand Canyon. 106 F.3d at 511. Thus, such a judgment would have "an immediate adverse economic consequence for the debtor's estate" under *Queenie*. 321 F.3d at 287.[1]

Accordingly, the Court will deny M&T's motion in part and continue to extend the automatic stay to Athens.[2]

Finally, M&T argues that, if the automatic stay is withdrawn, the Court may enter a partial default judgment against these defendants if they remain in default. *See* Mot. at 4; Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple

---

[1] Although Athens bears the burden of making this showing, the Court may extend the automatic stay when an immediate adverse economic consequence is evident from the Complaint itself. *Cf. Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015) (noting that a defendant can raise an affirmative defense, for which the defendant bears the burden of proof, "if the defense appears on the face of the complaint" (internal quotation marks omitted)).

[2] Defendants in their motion suggest that the Court lacks the authority to extend the automatic stay *sua sponte*. *See* Mot. at 4–5. But as another court in this Circuit has observed, "*Queenie* itself raised this issue *sua sponte*." *Ng v. Adler*, 518 B.R. 228, 246 (E.D.N.Y. 2014); *Queenie,* 321 F.3d at 287 ("Preliminarily, we consider whether the automatic stay, 11 U.S.C. § 362(a), which requires a stay of this appeal with respect to Gardner, applies to the appeals of the other Appellants. We requested the parties' views on the stay issue . . . ."); *see also In re Ladieu,* No. 07-10868, 2011 WL 748566, at *18 (Bankr. D. Vt. Feb. 24, 2011) ("Although Ladieu did not specifically raise the issue of the automatic stay, the Court may raise the issue of the stay *sua sponte* and it is necessary in this case given the timeline of events."). As in these other cases, the Court "can find no prohibition against" extending the automatic stay *sua sponte* here. *Ng*, 518 B.R. at 246.

5

parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . ."). M&T points to an order in a similar case granting judgment under Rule 54(b) against only the defaulting defendant, but it does not address the principle set forth by the Supreme Court in *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872), that courts should refrain from granting partial default judgments when there is a risk of inconsistent judgments between defaulting and answering defendants. Almost fifty years ago, the Second Circuit cast doubt on this principle, suggesting that Rule 54(b) may authorize the type of partial judgment that M&T seeks. *See Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n.4 (2d Cir. 1976) ("We think it is most unlikely that *Frow* retains any force subsequent to the adoption of Rule 54(b). In any event, at most, *Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of the others."). Nonetheless, district courts in this Circuit have continued to apply *Frow* in cases where there is a risk of inconsistent judgments. *See, e.g.*, *Henry v. Bristol Hosp., Inc.*, No. 3:13-cv-826 (SRU), 2020 WL 7773418, at *3 (D. Conn. Dec. 30, 2020); *Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2002 WL 31545845, at *4 (S.D.N.Y. Nov. 13, 2002); *Farberware, Inc. v. Groben*, No. 89 Civ. 6240 (PKL), 1991 WL 123964, at *2 (S.D.N.Y. July 3, 1991).

      Courts in other circuits have split over how to apply *Frow* in cases involving claims against both borrowers and guarantors over the same underlying obligation. *Compare United States v. Mobile XL, LLC*, No. 2:16-cv-08832 (CAS) (AGRx), 2017 WL 3427960, at *3 (C.D. Cal. Aug. 8, 2017) (declining to grant judgment against defaulting borrower when answering guarantor "does not assert any affirmative defense that is *not* derivative of the defenses that the [defaulting] defendants might raise" and collecting similar cases), *and Sunbelt Rentals, Inc. v. Three Bros. Elec. Contractors, Inc.*, No. 1:21-cv-01357 (JLT) (SKO), 2022 WL 134921, at *4

6

(E.D. Cal. Jan. 14, 2022) (same), *report and recommendation adopted*, 2022 WL 329328 (E.D. Cal. Feb. 3, 2022), *and Varilease Fin., Inc. v. EarthColor, Inc.*, No. 18-cv-11390, 2019 WL 1254035, at *2 (E.D. Mich. Mar. 19, 2019) (denying default judgment as to defaulting borrower and guarantor defendants because one guarantor defendant had not defaulted and "the Guarantor defendants have closely related defenses"), *with United States v. Distribuidora Batiz CGH, S.A. De C.V.*, No. 07-cv-370 (WQH) (JMA), 2009 WL 2487971, at *8 (S.D. Cal. Aug. 10, 2009) (entering judgment under Rule 54(b) against defaulting guarantor defendant and concluding that this judgment "would not necessarily be inconsistent with a judgment in favor of a prevailing answering Defendant"), *and S. Bank & Tr. Co. v. Laburnum Hotel Partners, LLC*, No. 2:13-cv-216, 2014 WL 3052535, at *5 (E.D. Va. July 3, 2014) (entering judgment against a defaulting guarantor and concluding that, even if an answering guarantor defeated the borrower's claims, there would be "no incongruity in allowing those two judgments on the separate contractual promises"), *and Volvo Fin. Servs. v. Int'l Underground Corp.*, No. 3:10-cv-00598-J-32 (JBT), 2011 WL 13295448, at *5 (M.D. Fla. May 9, 2011) (granting default judgment against defaulting borrower despite appearance and opposition of guarantor), *report and recommendation adopted*, 2011 WL 13295447 (M.D. Fla. July 21, 2011).

The courts that declined to grant default judgment concluded there was a risk of inconsistent judgments even though, as in this case, the defendants were alleged to be jointly and severally liable rather than jointly liable. *See, e.g.*, *Varilease Finance*, 2019 WL 1254035 (rejecting plaintiffs' argument "that *Frow* does not apply where joint and several liability, as opposed to purely joint liability, exists"); *see also Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001) ("*Frow*'s applicability turns not on labels such as

7

'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform.").

Because the Court will withdraw the automatic stay as to Mr. Dobbs, the Court will entertain a renewed motion for default entry against him. Any subsequent motion for default judgment must, however, address the considerations outlined above.

### III.  CONCLUSION

For the foregoing reasons, M&T's motion for reconsideration is **GRANTED in part** and **DENIED in part**.

The automatic stay shall remain in effect as to Athens, but the stay is withdrawn as to Mr. Dobbs.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of March, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE